UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | |
| Plaintiff, | Civil Action No. 1:22-cv-10911 |
| v. | Injunctive relief sought |
| GRANITE-SHOP.COM, INC. d/b/a THE GRANITE SHOP, and ALINY BRETAS, | June 10, 2022 |
| Defendants. | |

# **COMPLAINT**

This case involves employers who directed employees to lie to an investigator for the Plaintiff Secretary of Labor, United States Department of Labor (the "Secretary"), and also unlawfully harassed and threatened a former employee after learning that the former employee had cooperated in the Secretary's investigation of the employers. The Secretary's investigation of these employers—Defendants Granite-Shop.com, Inc. d/b/a The Granite Shop, and Aliny Bretas (collectively, "Defendants")—revealed that Defendants failed to pay certain employees the required overtime premium and failed to keep required records, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "Act" or "FLSA").

The Secretary seeks an order from this Court enjoining Defendants from violating the provisions of Sections 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5) of the Act, 29 U.S.C. §§ 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5). The Secretary further seeks an order from this Court to recover unpaid wages, liquidated damages, and punitive damages pursuant to the provisions of Sections 15(a)(2), 15(a)(3), 16(b), and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2), 215(a)(3), 216(b), and 216(c).

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Parties

#### The Secretary

3. Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, is vested with the authority to file suit to restrain violations of the FLSA and recover back wages, liquidated damages, and punitive damages, and is the proper plaintiff in this action.

#### Defendant Granite-Shop.com, Inc. d/b/a The Granite Shop

4. Defendant Granite-Shop.com, Inc. d/b/a The Granite Shop ("Granite Shop") is a dissolved Massachusetts corporation that had a principal office address of 11 Adam Road #4, Stoneham, MA 02180. The Granite Shop operated as a business that fabricated and installed marble and granite countertops for residential and commercial customers in Massachusetts, Connecticut, New Hampshire, and Rhode Island.

5. The Granite Shop was involuntarily dissolved on December 31, 2021.

6. At all relevant times, the Granite Shop employed employees, including those who worked as administrative staff, sales representatives, and fabricators.

7. At all relevant times, the Granite Shop set its employees' method and amount of pay, created policies for employee compensation, and maintained limited employment-related records.

8. At all relevant times, the Granite Shop set the hours worked by its employees, supervised employees' work, and had the power to hire and fire them.

### Defendant Aliny Bretas

9. Defendant Aliny Bretas has been, and at all relevant times was, the sole officer, director, and owner of the Granite Shop.

10. Aliny Bretas's actions have affected the compensation that the Granite Shop's employees received.

11. At all relevant times, Aliny Bretas acted directly and indirectly in the interest of the Granite Shop in relation to its employees, and therefore is an employer of the Granite Shop's employees within the meaning of the FLSA, *see* 29 U.S.C. § 203(d).

12. Aliny Bretas resides in Melrose, MA, within the jurisdiction of this Court.

13. The claims against Aliny Bretas in this case arise out of and are directly related to Bretas's business activities in Massachusetts.

### Defendants Are an Enterprise Covered by the FLSA

14. At all relevant times, Defendants were an enterprise within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), as they engaged in related activities performed through unified operation or common control for a common business purpose.

15. From June 2019 to at least in or around November 2019, Defendants employed employees in said enterprise.

16.     At all relevant times, Defendants' enterprise was engaged in commerce or in the production of goods for commerce, which includes having employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce. Defendants' employees regularly traveled across state lines to perform work.

17.     Said enterprise, from 2016 to 2018, had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated), and based on existing facts and evidence, that enterprise's annual gross volume of sales made or business done likely greatly exceeded $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for 2019.

18.     Defendants' employees therefore were employed in this enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

## Defendants' Wage and Hour Practices

### The Secretary's First Investigation of the Granite Shop

19.     In 2015, the Secretary initiated an investigation into the wage and hour practices of the Granite Shop and its owner Aliny Bretas (the "First Investigation").

20.     The First Investigation covered the time period from December 15, 2012 to December 6, 2014.

21.     In the course of the First Investigation, the Secretary determined that Defendants the Granite Shop and Aliny Bretas had violated the recordkeeping provision of the FLSA, 29 U.S.C. § 211.

22. As part of that First Investigation, the Secretary discussed with Aliny Bretas Sections 6, 7, 11, and 12 of the FLSA, 29 U.S.C. §§ 206, 207, 211, and 212, the minimum wage, overtime pay, recordkeeping, and child labor provisions of the Act.

23. Also as part of the First Investigation, the Secretary advised Aliny Bretas to comply in the future with the FLSA by: (1) paying all non-exempt employees at least the minimum wage; (2) paying all non-exempt employees the overtime premium for hours worked in excess of 40 hours in a workweek; (3) keeping and maintaining required records; and (4) complying with all applicable child labor regulations.

<u>The Secretary's Second Investigation of the Granite Shop</u>

24. In 2019, the Secretary began a second investigation into the wage and hour practices of Defendants (the "Second Investigation").

25. The Second Investigation covered a time period that included June 11, 2019 through at least November 18, 2019.

26. Despite their representations to the Secretary at the conclusion of the First Investigation, the Granite Shop and Aliny Bretas had not come into compliance with the FLSA for the period covered by the Second Investigation.

27. During the period covered by the Second Investigation, Defendants violated the overtime compensation requirements of Section 7 of the FLSA, 29 U.S.C. § 207.

28. Defendants' employees regularly worked over 40 hours per workweek during the period covered by the Second Investigation.

29. When Defendants' employees worked more than 40 hours in a workweek, Defendants did not compensate those employees at one and one-half times their regular rates of pay for hours worked over 40 hours in a workweek.

30. Defendants paid certain employees flat amounts to compensate them for a standard five-day workweek.

31. These employees regularly worked more than five days a week, such as on Saturdays.

32. When these employees worked more than five days per week, Defendants paid them their day-rate equivalent, which did not include an overtime premium, for the work on those extra work days, such as Saturdays.

33. If these employees worked fewer than five days in a workweek, Defendants paid them less than the flat amount they received for a standard workweek.

34. Defendants did not pay these employees based on the number of hours that they worked, but rather on the number of days or shifts that they worked.

35. The day rate or shift rate that Defendants paid these employees did not vary based on whether the employee worked more or less than 40 hours in a workweek.

36. Defendants expected certain other employees to regularly work six days per week, totaling over 50 hours, but did not pay those employees an overtime premium.

37. During the period covered by the Second Investigation, Defendants violated the recordkeeping requirements of Section 11 of the FLSA, 29 U.S.C. § 211.

38. During the period covered by the Second Investigation, Defendants failed to accurately record all hours worked by employees.

39. Defendants also failed to accurately record all wages paid to employees during the period covered by the Second Investigation.

40. On or about September 18, 2019, the Secretary held a conference with Defendants to share the findings from the Second Investigation.

41. Defendant Aliny Bretas stated at that meeting that Bretas had not implemented any timekeeping system to record hours worked by employees.

### Defendants' Unlawful Retaliation Against Employees

42. When the Secretary's investigator was visiting Defendants' office as part of the Second Investigation, Defendant Aliny Bretas told at least one then-current employee to tell the investigator, if asked, that the employee did not work for the Granite Shop.

43. In or around July 2019, Defendant Aliny Bretas told a former employee to provide to the Secretary's investigator inaccurate telephone numbers for Defendants' employees, so that the Secretary's investigator could not reach those employees.

44. Then, around the time of the September 18, 2019 conference between Defendants and the Secretary, Defendant Aliny Bretas told the same former employee to provide to the Secretary's investigator additional false information, including information about how Defendants' employees were paid.

45. In late September 2019, Defendants' former employee refused to provide to the Secretary false information about how employees were paid.

46. In the wake of that refusal, Defendant Aliny Bretas told the former employee that Bretas knew that the former employee was speaking to the Secretary's investigator and accused that former employee of trying to get money from Bretas.

47. In early December 2019, Defendant Aliny Bretas also threatened the former employee in writing in a message sent from Bretas's business email address.

48. In that message, Defendant Aliny Bretas stated, among other things:

   a. I'm going to end you.

   b. You can go raise your [child] in hell.

7

  c. You are very stupid if you think you can beat me in this. I always win.

  d. Don't even try to run because I can find you.

  e. I'm not leaving you alone until you go crazy.

  f. And you will lose your [child]. Write this down.

  g. I'm not leaving you alone, you whore.

  49. Those threats caused the former employee to live in significant fear for themself and their child, and to seek support related to that fear.

  50. Defendant Aliny Bretas's actions set forth above would dissuade a reasonable employee from engaging in protected activity under the FLSA, such as the protected activity of speaking with a representative of the Secretary.

## COUNT ONE

**Violations of the Overtime Provisions of the FLSA, 29 U.S.C. §§ 207(a) and 215(a)(2)**

  51. The Secretary incorporates by reference and re-alleges all foregoing allegations in the Complaint.

  52. Section 7 of the Act requires employers to pay non-exempt employees at least one and one-half times the employee's regular rate of pay for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a)(1).

  53. Defendants willfully violated Section 7 of the FLSA, 29 U.S.C. § 207(a)(1), by failing to pay certain of their employees or former employees the required overtime premium for hours worked in excess of 40 hours in a workweek.

  54. Thus, certain employees have not received all of the overtime compensation that they are owed for the time period from June 11, 2019 to at least November 2, 2019.

55. Under Sections 7, 15(a)(2), and 16(c) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), and 216(c), Defendants are liable for the amount of unpaid overtime compensation and an equal amount in liquidated damages for the time period from June 11, 2019 to at least November 2, 2019.

## COUNT TWO

**Violations of the Recordkeeping Provisions of the FLSA, 29 U.S.C. §§ 211(c) & 215(a)(5)**

56. The Secretary incorporates by reference and re-alleges all foregoing allegations in this Complaint.

57. Defendants failed to keep true and accurate records of the hours that each of their non-exempt employees worked, in violation of Section 11 of the FLSA, 29 U.S.C. § 211, and the regulations thereunder, specifically 29 C.F.R. Part 516.

58. Defendants failed to keep true and accurate records of the total wages paid to each of their non-exempt employees in each pay period, in violation of Section 11 of the FLSA, 29 U.S.C. § 211, and the regulations thereunder, specifically 29 C.F.R. Part 516.

## COUNT THREE

**Violations of the Anti-Retaliation Provision of the FLSA, 29 U.S.C. § 215(a)(3)**

59. The Secretary incorporates by reference and re-alleges all foregoing allegations in the Complaint.

60. Section 15(a)(3) prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

61. Defendants have violated Section 15(a)(3) by threatening and intimidating at least one former employee because of that former employee's cooperation or perceived cooperation with the Secretary.

62. Defendants also have violated Section 15(a)(3) by instructing certain employees or former employees to provide false information to the Secretary's investigator.

63. As a result of Defendants' retaliatory conduct, a reasonable employee may well be dissuaded from engaging in activities protected under the Act, such as asserting their right to receive proper compensation or cooperating with an investigation or litigation by the Secretary concerning violations of the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants as follows:

1. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from violating the FLSA, including Sections 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5), 29 U.S.C. §§ 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5);

2. For an order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to certain of Defendants' current and former employees listed in the attached Exhibit A for the time period from June 11, 2019 to at least November 2, 2019, plus liquidated damages equal in amount to the unpaid wages found due. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing

after November 2, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Exhibit A;

3. In the event liquidated damages are not awarded, an order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

4. For an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of unpaid overtime compensation found due to Defendants' employees;

5. For an order awarding punitive damages for Defendants' retaliation against their employees in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

6. For an order awarding the Secretary the costs of this action; and

7. For an order granting such other and further relief as may be necessary and appropriate.

Date: June 10, 2022

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Wage and Hour Counsel

/s/ Emily V. Wilkinson
Emily V. Wilkinson
Trial Attorney
wilkinson.emily.v@dol.gov
MA BBO No. 699512

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
John F. Kennedy Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500
FAX: (617) 565-2142